**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| Mandi Elizabeth Potter, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>American House Partners, LLC,<br><br>Defendant. | CASE NO.<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

**CLASS ACTION COMPLAINT**

**Nature of this Action**

1. Mandi Elizabeth Potter ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against American House Partners, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Based on Defendant's conduct, public-facing representations, and franchisee-facing representations, Defendant appears to operate a telemarketing enterprise—the likes of which the TCPA has largely done away with—that operates in brazen disregard of the TCPA's restrictions, openly touting that they engage in ongoing "cold call" telemarketing and high pressure sales tactics for the purpose of acquiring consumers' homes for massive discounts on their fair market value, and promptly flipping them to other investors for substantial profits by way of assignment contracts.

3. In doing so, Defendant purports to offer a host of "free" services to consumers to facilitate the sale of their homes, while secretly pricing those "free" services into *massive* discounts on the sales price of those consumers' homes, presumably in an effort to obfuscate their true business model, and buttressing those discounts with simultaneous or immediate profits

1

on the consumers' homes, creating an "effective fee" to Defendant for selling the consumers' homes.

4. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

5. Additionally, upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4) by delivering more than one advertisement or telemarketing message to residential or cellular telephone numbers while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

### Parties

6. Plaintiff is a natural person who resides in Festus, Missouri and, prior to August 26, 2021, resided in Imperial, Missouri.

7. Defendant is an Arizona limited liability company that runs a marketing and real estate business headquartered in Mesa, Arizona.

### Jurisdiction and Venue

8. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

9. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) as a significant portion of the events giving rise to this action occurred in this district.

10. In particular, Defendant directed its text messages to Plaintiff's telephone in this

district, and Plaintiff received Defendant's text messages in this district.

## Factual Allegations

11. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(314) 600-XXXX.

12. Plaintiff uses her cellular telephone as her personal residential telephone number.

13. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

14. Plaintiff registered her cellular telephone number with the DNC Registry in 2018, and has maintained that registration through the present date.

15. Starting in March of 2024, Plaintiff received numerous text messages from a rotating series of phone numbers, seeking to solicit Plaintiff to use Defendant in the sale of her home:



16. Plaintiff did not recognize the senders, is (and was) not selling her home, and was not looking to sell her home, whether via standard cash sale or via a "1031 exchange" in compliance with Section 1031 of the Internal Revenue Code.

17. Plaintiff responded to the senders solely to identify the entity responsible for sending those messages.

18. When asked for some sort of identification after Defendant sent the unsolicited text messaging, Defendant provided website links to www.ezhomepartnersstl.com.

19. The website, www.ezhomepartnersstl.com's terms and conditions webpage and privacy webpage each redirect to corresponding webpages on www.americanhousepartners.com, which indicate that Defendant owns www.ezhomepartnersstl.com.

20. Therefore, upon information and belief, Defendant operates its business through a master website, www.americanhousepartners.com, and more localized websites, such as www.ezhomepartnersstl.com.

21. The website, www.ezhomepartnersstl.com, explains that Defendant seeks to purchase and resell residential real estate, touting the motto "We All Win, Or Nobody Wins!"

22. Defendant's master website, www.americanhousepartners.com, touts a similar motto of "We All Win, Or Nobody Wins!"

23. Defendant's website, www.americanhousepartners.com, also advertises that it pairs numerous services with its offers to purchase properties from consumers because its goal is to supplant the role of a typical real estate agent: "No agents. No banks. No inspectors. By eliminating ALL the traditional middlemen, we're able to simplify the typically painful process."

24. Implicit among these service offerings is the arranging of title, escrow, preparing paperwork, and all other ancillary services associated with the purchase or sale of a home.

4

25. In other words, consumers such as Plaintiff would pay an effective fee to Defendant for its numerous ancillary services through Defendant's payment of a reduced purchase price to those consumers.

26. Thus, upon information and belief, Defendant seeks to supplant the role of a traditional real estate agent while providing the same services as a real estate agent, and in exchange for doing so, is compensated obtaining a homeowner's property at a reduced price, and thereafter selling it at an inflated price.

27. As a result, Defendant would be (and, upon belief and information, is) compensated for its services in an analogous manner to a real estate agent: after providing services to facilitate the transaction, receiving compensation from the proceeds related to the buying or selling of a home.

28. Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to her cellular telephone number.

29. The text messages at issue were sent for non-emergency purposes.

30. Upon information and good faith belief, the text messages at issue were sent by Defendant voluntarily.

31. The purpose of the text messages at issue was to advertise and to market Defendant's business or services.

32. Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to her cellular telephone number.

33. Plaintiff suffered actual harm as a result of the text messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

34. Plaintiff suffered additional harm due to her frustration and difficulty in identifying the entity and persons responsible for the unwanted advertisement or marketing text messages to her cellular telephone number.

35. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered her cellular telephone number with the DNC Registry.

## Class Action Allegations

36. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom American House Partners, LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting American House Partners, LLC's, or its business partners', goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before American House Partners, LLC delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:**

> All persons throughout the United States (1) to whom American House Partners, LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting American House Partners, LLC's, or their business partners', goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of American House Partners, LLC, and a telephone number or address at which American House Partners, LLC may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

37. Excluded from the classes are Defendant, its officers, directors, managers, and members, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant have or had a controlling interest.

38. Upon information and belief, the members of the classes are so numerous that

joinder of all of them is impracticable.

39. The exact number of members of the classes are unknown to Plaintiff at this time and can be determined only through appropriate discovery.

40. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

41. In addition, the members of the classes are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

42. Plaintiff's claims are typical of the claims of the members of the classes.

43. As it did for all members of the Federal Do-Not-Call Registry Class, Defendant delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered her cellular telephone number with the DNC Registry.

44. As it did for all members of the Sender Identification Class, Defendant delivered solicitation text messages to Plaintiff's telephone number where the subject text messages did not state the name of the individual caller, the name of Defendant, and a telephone number or address at which it may be contacted.

45. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

46. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

47. Plaintiff suffered the same injuries as the members of the classes.

48. Plaintiff will fairly and adequately protect the interests of the members of the classes.

49. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

50. Plaintiff will vigorously pursue the claims of the members of the classes.

51. Plaintiff has retained counsel experienced and competent in class action litigation.

52. Plaintiff's counsel will vigorously pursue this matter.

53. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

54. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

55. Issues of law and fact common to all members of the classes are:

   a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

   b. For the Federal Do-Not-Call Registry Class, Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

   c. For the Sender Identification Class, Defendant's practice of delivering text messages, for solicitation purposes, without identifying the name of the individual caller, the name of Defendant, and a telephone number or address at which Defendant may be contacted;

   d. Defendant's violations of the TCPA; and

   e. The availability of statutory penalties.

56. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

8

57. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

58. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

59. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

60. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

61. The damages suffered by the individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

62. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

63. There will be no extraordinary difficulty in the management of this action as a class action.

64. Defendant acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(c)(5)
## On behalf of the Federal Do-Not-Call Registry Class

65. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-64.

66. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

67. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

68. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

69. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

70. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who

registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

71. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

72. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

### Count II
### Violation of 47 U.S.C. § 227(c)(5)
### On behalf of the Sender Identification Class

73. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-64.

74. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

75. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

76. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

77. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

78. Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

79. Defendant therefore violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Sender Identification Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200(d)(4).

80. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff, and the members of the Sender Identification Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a.    Determining that this action is a proper class action;

    b.    Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

    c.    Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

    d.    Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

    e.    Enjoining Defendant from continuing its violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

    f.    Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

    g.    Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(c)(5)(C);

    h.    Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

    i.    Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

    j.    Awarding such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: June 21, 2024                        */s/ Alex D. Kruzyk*
                                              Alex D. Kruzyk
                                              E.D. Mo. Bar No. 24117430(TX)
                                              **PARDELL, KRUZYK & GIRIBALDO, PLLC**

7500 Rialto Blvd., Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444
akruzyk@pkglegal.com

*Counsel for Plaintiff and the proposed classes*